# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JUDITH JONES for A.J.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:03-cv-1575-Orl-KRS**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S PETITION FOR ATTORNEY FEES (Doc. No. 56)**
>
> **FILED:** **December 23, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

The plaintiff, Judith Jones, on behalf of her minor child, A.J., seeks an award of attorneys' fees, costs, and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Pursuant to the consent of the parties, this matter was referred to me for disposition under 28 U.S.C. § 636(c).  Doc. Nos. 38, 39.  A final judgment reversing

the decision below was entered on September 19, 2006. Doc. No. 53. An award of fees is, therefore, ripe for consideration.[1]

Jones's attorneys seek $4,148.34 in attorneys' fees for work performed as follows: 3.2 hours of work by Attorney Juan C. Gautier in 2003; 3.1 hours of work by Attorney Gautier in 2004; 14.3 hours of work by Attorney Gautier in 2005; 2.0 hours of work performed by Attorney Gautier in 2006; and 3.9 hours of work performed by Attorney Sarah H. Bohr in 2006. Doc. No. 56. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Jones has presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $147.00 per hour for work performed in 2003, $151.65 per hour for work performed in 2004, $156.79 per hour for work performed in 2005, and $163.70 for work performed in 2006. Doc. No. 56-2. This would lead to an award of $470.40 for work performed by Attorney Gautier in 2003, $470.11 for work performed by Attorney Gautier in 2004, $2,242.00 for work performed by Attorney Gautier in 2005, $327.40 for work performed by Attorney Gautier in 2006, and $638.43 for work performed by Attorney Bohr in 2006, for a total award of $4,148.34. The

---

[1] "EAJA applications may be filed within 30 days of a judgment becoming not appealable. In civil cases to which a federal officer is a party, the time for appeal ends 60 days after the entry of judgment. Therefore, EAJA applications must generally be filed within 90 days of judgment being entered by a district court." *Singleton v. Apfel*, 231 F.3d 853, 855 n.4 (11th Cir. 2000) (internal quotations and citations omitted). In this case, the Commissioner filed a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e). Doc. No. 54. Pursuant to Federal Rule of Appellate Procedure 4(a)(4), a motion under Rule 59(e) tolls the period for taking an appeal until the date of an order resolving the motion. Because the Commissioner's motion was denied on September 29, 2006, doc. no. 55, the time for appeal ran from that date. Therefore, the present motion is timely.

defendant, the Commissioner of Social Security, does not oppose these hourly rates or the number of hours worked.  Doc. No. 57.

After reviewing the papers submitted by Jones, it appears that Attorney Gautier billed 0.25 hours for "Conference with client re remand; letter re same" on October 25, 2006. Doc. No. 23 at 5.  This is after the Order of October 19, 2006, suspending Attorney Gautier from the bar of this Court.  Case No. 6:06-mc-57-Orl-19, doc. no. 7.  Inasmuch as Attorney Gautier was suspended from practice before this Court at the time he did this work, it would be inappropriate to award fees for this work. This results in a reduction of $40.93. Otherwise, I find that the attorneys' fees requested are appropriate in the absence of objection. Therefore, the total attorneys' fees award is $4,107.41.

Jones also seeks $52.70 in expenses for postage and copying fees, and $150.00 in costs for the filing fee.  Doc. No. 56.  The Commissioner does not oppose these costs or expenses.  Doc. No. 57.  In the absence of objection, I find that these costs and expenses were necessarily incurred.

It is, therefore, **ORDERED** that Jones is awarded $4,107.41 in attorney's fees, $52.70 in expenses, and $150.00 in costs.

**DONE** and **ORDERED** in Orlando, Florida on January 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties